```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
In re                                                      Hearing Date: July 31, 2023 at 10 AM
                                                           Objections Due: July 24, 2023
Louasia A. Watts,
                                                           Case No. 21−10419−mg
                Debtor.
------------------------------------------------------X    Chapter 7
```

## DECLARATION OF AVI MERMELSTEIN

**I, AVI MERMELSTEIN,** an attorney duly admitted to practice law before the Courts of the State of New York, declare under penalty of perjury as follows:

1. I am an attorney in good standing, admitted to practice in the United States District Court for the Southern District of New York.

2. I am a Partner at Arenson, Dittmar and Karban, attorneys who currently represent the Debtor in a pending employment discrimination action entitled *Louasia Watts v. Pret A Manger (USA) Limited, Cristian Perez, and Katherine Lopez*, Index No. 802764/2023E, venued in the Supreme Court of the State of New York, County of Bronx (the "Discrimination Claim"). As such, I am fully familiar with the facts of this case.

3. I execute this Declaration in support of Debtor's motion for an order: (i) granting Debtor leave to reopen the within bankruptcy case; (ii) granting Debtor leave to amend her Chapter 7 Bankruptcy Petition for the purpose of reflecting the pending employment discrimination action with Debtors' Schedule A/B of assets; (iii) allowing the United States Trustee to appoint a Chapter 7 trustee to administer the asset; and (iv) for such other and further relief as this Honorable Court deems just and proper.

4. The Debtor LOUASIA WATTS was previously represented in the above-captioned Chapter 7 bankruptcy action by Daniel M. Katzner, Esq. Debtor filed her voluntary petition on March 4, 2021. Watts Decl., Ex. B.

5. In Schedule A/B of Debtor's Summary of Assets and Liabilities, Debtor stated that she did not have any "[c]laims against third parties, whether or not [she had] filed a lawsuit or made a demand for payment. Examples: Accidents, employment disputes, insurance claims, or rights to sue." Watts Decl. Ex. B at 13. Debtor stated that there were no "[o]ther amounts someone owe[d]" her that were not already listed in the Petition. *Id*.

6. On June 11, 2021, the Bankruptcy Court granted Debtor's discharge. Watts Decl., Ex. C.

7. I was retained as counsel for Debtor in connection with the Discrimination Claim in November 2022.

8. Debtor filed the Discrimination Claim on February 17, 2023.

9. Debtor's claim for economic, compensatory, and punitive damages brought in connection with said Discrimination Claim resulted from the discriminatory and hostile work environment on the basis of gender and race created and fostered by Debtor's former employer, Pret A Manger (USA) Limited, and her former supervisors, Cristian Perez and Katherine Lopez ("Defendants"). Watts Decl., Ex. A.

10. On May 19, 2023, Defendants filed a motion to dismiss the Discrimination Complaint, arguing that the Debtor is judicially estopped from asserting her claims against the Defendants because her claims are inconsistent with representations that she made to the bankruptcy court that she had no known claims against any third parties when filing for bankruptcy. A copy of Defendants' Memorandum of Law in Support of their Motion to Dismiss, Index No. 802764/2023E, Doc. No. 8, is attached as **Exhibit A**.

11. It was not until Defendants filed their motion to dismiss on May 19, 2023 that I was made aware that Debtor had previously initiated a bankruptcy proceeding.

12. Debtor seeks to reopen her case for the purpose of allowing her to amend her Schedule A/B to reflect the Discrimination Claim.

13. While it is difficult to value such claims with any degree of certainty, especially at the pre-discovery stage, based on my experience of litigating similar claims I would expect the recovery on the Discrimination Claim to exceed the total liabilities that the Debtor owes to her creditors ($52,575.00) should it proceed.

14. No prior application for the relief requested herein has been made in the above-entitled action.

**WHEREFORE,** your declarant respectfully requests that this Court issue an Order for the relief requested herein and in the accompanying papers.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
       June 26, 2023

                                                    ___S/ Avi Mermelstein___
                                                         Avi Mermelstein