# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

---

LOUASIA WATTS,

        Plaintiff,

  v.

PRET A MANGER (USA) LIMITED, CRISTIAN PEREZ, and KATHERINE LOPEZ,

        Defendants.

Index No. 802764/2023E

---

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE COMPLAINT

---

**FOX ROTHSCHILD LLP**
101 Park Avenue, 17th Floor
New York, New York 10179
(212) 878-7900
(212) 692-0940 (fax)

*Attorneys for Defendants Pret A Manger (USA) Limited and Katherine Lopez*

*On Brief:*

Glenn S. Grindlinger, Esq.
Timothy A. Gumaer, Esq.

144600777.3

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 1

STATEMENT OF FACTS ...................................................................................................... 2

    1.    Plaintiff's Employment at the Company's Park Avenue Location.......................... 2

    2.    Plaintiff's Employment at the Company's Madison Avenue Location ................. 3

    3.    Plaintiff Returns in February 2018 and Works at the Company's Broadway Location ........................................................................................................... 3

    4.    Plaintiff Returns From Maternity Leave and Works at the Company's Sixth Avenue Location ................................................................................. 4

    5.    Plaintiff Files for Bankruptcy in March 2021 ......................................................... 5

ARGUMENT .................................................................................................................... 7

I.    PLAINTIFF IS JUDICIALLY ESTOPPED FROM PURSUING HER CLAIMS ............ 7

    A.    Statutory Framework .......................................................................................... 7

    B.    Plaintiff is Judicially Estopped from Pursuing Her Claims Against Defendants Because She Failed to Disclose Them as an Asset in the Bankruptcy Proceeding ................................................................................. 8

CONCLUSION .................................................................................................................. 9

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Basis Yield Alpha Fund (Master) v. Goldman Sachs Group, Inc.*,
   115 A.D.3d 128 (1st Dep't 2014) ...........................................................................6

*Davis v. Citibank, N.A.*,
   116 A.D.3d 819 (2d Dep't 2014) .............................................................................7

*Dickinson v. Igoni*,
   76 A.D.3d 943 (2010) ..............................................................................................2

*Goldman v. Rio*,
   19 Misc.3d 384 (N.Y. Supt. Ct., Nassau Cty. 2008) ............................................7, 8

*Goshen v. Mutual Life Ins. Co. of N.Y.*,
   98 N.Y.2d 314 (2002) ..............................................................................................6

*Gray v. City of New York*,
   19 Misc. 3d 1117(A), (N.Y. Sup. Ct., N.Y. Cty. 2008) ........................................8, 9

*H&R Block Bank v. Page*,
   199 A.D.3d 780 (2d Dep't 2021) .............................................................................7

*Koch v. National Basketball Ass'n, Inc.*,
   245 A.D.2d 230 (1st Dep't 1997) ............................................................................8

*Moran Enterprises, Inc. v. Hurst*,
   160 A.D.3d 638 (2d Dep't 2018) ....................................................................7, 8, 9

*Seaman v. Schulte Roth & Zabel LLP*,
   176 A.D.3d 538 (1st Dep't 2019) ............................................................................6

*Whelan v. Longo*,
   7 N.Y.3d 821 (2006) ................................................................................................9

**Statutes**

New York City Human Rights Law ...................................................................................7

**Other Authorities**

CPLR § 2214(c) ..................................................................................................................2

CPLR §§ 3211(a)(1) and (3) ............................................................................................1, 9

CPLR § 3211(a)(3) ...........................................................................................................7

CPLR § 3211(a)(7) ...........................................................................................................1

## PRELIMINARY STATEMENT

Pursuant to New York Civil Practice Law and Rules ("CPLR") §§ 3211(a)(1) and (3), Defendants Pret A Manger (USA) Limited ("Pret a Manger," or the "Company") and Katherine Lopez ("Lopez," and with the Company, "Defendants"), by their attorneys, Fox Rothschild, LLP,[1] respectfully submit this Memorandum of Law in Support of its Motion to Dismiss the Complaint filed by Plaintiff Louasia Watts ("Plaintiff").

Plaintiff alleges that, from approximately May 2016 to February 2020, while employed by Pret a Manger, her supervisors and coworkers across four separate locations independently discriminated against her and subjected her to a hostile work environment due to her gender and race. However, in March 2021, approximately 13 months after her employment with the Company ended, Plaintiff filed a Chapter 7 Bankruptcy in the United States Bankruptcy Court for the Southern District of New York. When she filed for bankruptcy, under penalty of perjury, Plaintiff affirmatively stated that she had no known claims against any third parties, including employment disputes. Based in part on this representation, in June 2021 the court discharged Plaintiff from bankruptcy.

Now, Plaintiff seeks to assert her claims for alleged misconduct that occurred ***prior to*** filing for bankruptcy. Plaintiff, however, is judicially estopped from doing so because these claims are inconsistent with the representations she made to both the bankruptcy court and her creditors, *i.e.*, that she had no known claims against third parties when filing for bankruptcy. And, given the nature of her claims—direct discrimination and harassment—Plaintiff cannot possibly assert that these claims were somehow unknown to her when she filed her voluntary petition for bankruptcy.

---

[1] This firm does not represent individually named defendant Cristian Perez ("Perez").

1

144600777.3

Accordingly, Plaintiff is judicially estopped from asserting her claims and the Court should dismiss the Complaint in its entirety with prejudice.

**STATEMENT OF FACTS**[2]

1. **Plaintiff's Employment at the Company's Park Avenue Location**

Pret a Manger owns and operates an international chain of over 500 shops that offer handmade ready-to-eat sandwiches, salads, and drinks. *See* Complaint[3] ("Compl."), ¶ 5. In or around May 2016, the Company hired Plaintiff, a female African American, as a Team Member at its 54th Street and Park Avenue location in New York, New York ("Park Avenue Location"). *See id.* at ¶¶ 4, 15.

As a Team Member, Plaintiff reported to the store's General Manager, Karines Ayala ("Ayala"). *See id.* at ¶ 15. The Complaint alleges that: (1) Ayala "was from the Dominican Republic and favored Hispanic workers, especially from the Dominican Republic," *id.* at ¶ 16; (2) Ayala "discriminated against Plaintiff by, among other things, scheduling her for less hours than Hispanic workers at the shop," *id.* at ¶ 17; and (3) when "Plaintiff complained about Ayala's discriminatory behavior, Ayala retaliated by further cutting Plaintiff's hours." *Id.* at ¶ 18.

During her time at the Park Avenue Location, Plaintiff also alleges that she was "sexually harassed by a kitchen worker named Jamie who, like Ayala, was from the Dominican Republic, and was close with Ayala." *Id.* at ¶ 19. Specifically, Plaintiff asserts that: (1) "[o]n a daily basis

---

[2] For purposes of this motion, the material factual allegations set forth in the Complaint are assumed to be true and will form the basis for the statement of facts herein. *See Dickinson v. Igoni*, 76 A.D.3d 943, 945 (2010). However, should the instant Motion be denied, in whole or in part, Defendants intend to vigorously contest the "facts" asserted in the Complaint.

[3] Pursuant to CPLR § 2214(c), the Complaint is annexed to the Affirmation of Glenn S. Grindlinger in Support of Defendants' Motion to Dismiss the Complaint (hereinafter "Grindlinger Aff.") as Exhibit "A."

2

144600777.3

Jamie would make sexual comments about Plaintiff, such as, 'Nice ass' or 'Ay, Mami,'" *id.* at ¶ 20; (2) "[o]n a daily basis, Jamie would make sexual comments about Plaintiff's female co-workers in Plaintiff's presence," *id.* at ¶ 21; and (3) "[o]n at least several occasions Jamie touched Plaintiff's buttocks," causing Plaintiff to react by "shoving him away," *id.* at ¶ 22.

In or around September 2017, Plaintiff's coworker purportedly "threatened her by telling her, 'I'm going to get someone to fuck you up.'" *Id.* at ¶ 24. When Plaintiff reported this incident to the Company's Human Resources Department ("HR"), it responded by suspending both Plaintiff and the co-worker for two weeks. *See id.* Upon return from her suspension, HR "transferred [Plaintiff] to a different location[.]" *Id.*

### 2. Plaintiff's Employment at the Company's Madison Avenue Location

Plaintiff next worked at the Company's 48th Street and Madison Avenue location ("Madison Avenue Location") from "approximately September 2017 through approximately October 2018." *Id.* at ¶ 26. While there, Plaintiff "was put on track by the General Manager, O'Neil Smith, to join the Assistant General Manager program, but the Hispanic Operations Manager named Gustavo removed her while elevating less qualified Hispanic workers into the program." *Id.* "Frustrated by the lack of opportunities, Plaintiff left [the Company] for a different job in approximately October 2018." *Id.*

### 3. Plaintiff Returns in February 2018 and Works at the Company's Broadway Location

In or around February 2018, Plaintiff learned that she was pregnant. *See id.* at ¶ 27. Given that she "could not afford to go on unpaid leave for an extended period of time and she understood that she would not receive paid maternity leave working for her new job," Plaintiff determined that she "needed to return to work at Pret due to its paid maternity leave policy." *Id.* Accordingly, in or around February 2018, Plaintiff returned to the Company as a Team Leader at

its 56th Street and Broadway location ("Broadway Location") and reported to the store's General Manager, Cristian Perez ("Perez"). *See id.* at ¶ 28.

While working at the Broadway Location, Perez allegedly sexually harassed Plaintiff by: (1) "mak[ing] sexual comments about Plaintiff and her female coworkers," *id.* at ¶ 30; (2) "ogl[ing] Plaintiff in a sexual manner," *id.* at ¶ 31; (3) "puncuat[ing] his ogling and/or comments with a wolf whistle,"; *id.* at ¶ 34; and (4) "devalue[ing] [Plaintiff's female coworkers] by making it clear that he held them in minimal regard," such as calling them "'fucking bitch'" or "'stupid bitch,'" *id.* at ¶ 36. Moreover, despite Plaintiff's pregnancy, "Perez also made a point of asking her to carry heavy loads" and, when she "complained and told him that her doctors had instructed her to avoid heavy lifting to minimize risk to her pregnancy, he responded by saying, 'Women are do dramatic.'" *Id.* at ¶ 37. Plaintiff allegedly "endured the sexually hostile work environment fostered by Perez until she took time off for maternity leave, on or around July 18, 2019." *Id.* at ¶ 39.

### 4. Plaintiff Returns From Maternity Leave and Works at the Company's Sixth Avenue Location

In or around November 2019, Plaintiff returned from maternity leave and worked at the Company's 48th Street and Sixth Avenue location ("Sixth Avenue Location"). *See id.* at ¶ 40. During her time at the Sixth Avenue Location, Plaintiff was "the only Black Team Leader" and reported to the store's General Manager, Katherine Lopez ("Lopez"). *Id.* at ¶¶ 40, 42.

Similar to her previous supervisors, Lopez purportedly "discriminated against Plaintiff on the basis of Plaintiff's race" by scheduling her for fewer than 40 hours of work per week and assigning "Plaintiff and other Black employees to menial tasks such as cleaning the customer bathrooms and taking out garbage a disproportionate amount of times in comparison to their mostly Hispanic coworkers." *Id.* at ¶¶ 41, 43.

Plaintiff also alleges that Lopez "tolerated widespread use of the N-word at the shop by the shop's mostly-Hispanic kitchen." *Id.* at ¶ 44. For example, "Hispanic members of the kitchen staff addressed Plaintiff as 'Nigger' or 'My nigger.'" *Id.* at ¶ 45. Plaintiff also alleges that she "overheard the Hispanic kitchen workers referring to Black employees as 'moreno' or 'morenas' (i.e., the black ones)." *Id.* at ¶ 46.

Plaintiff also alleges that Lopez "permitted sexually inappropriate conduct by the male kitchen workers." *Id.* at ¶ 49. Specifically, Plaintiff claims that she: (1) "observed male kitchen workers groping and touching female workers on the buttocks and breasts," *id.* at ¶ 50; (2) "was subjected to male kitchen workers making sexually inappropriate comments such as, 'damn' or referring to her as 'mama' while looking her up and down," *id.* at ¶ 51; and (3) "observed the male kitchen workers making the same or similar sexual comments about other female employees and customers." *Id.* at ¶ 52. Plaintiff asserts that Lopez "observed and overheard this behavior and comments, as she frequently worked in the kitchen and in her office which was right behind the kitchen, within earshot." *Id.* at ¶ 54.

According to the Complaint, Plaintiff ended her employment with the Company in February 2020. *See id.* at ¶ 11.

5. **Plaintiff Files for Bankruptcy in March 2021**

On March 4, 2021, approximately 13 months after her employment ended, Plaintiff filed a voluntary petition for bankruptcy (the "Petition") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). *See* Plaintiff's Voluntary Petition for Chapter 7 Bankruptcy, No. 21-10419 (MG), Dkt. No. 1, annexed to the Grindlinger Aff. as

Exhibit "B."[4] As part of the Petition, Plaintiff was required to itemize her personal property and assets. *See generally id.* at p. 10-14. When disclosing her assets, Plaintiff stated, under penalty of perjury, that she did *not* have any "[c]laims against third parties, whether or not [she had] filed a lawsuit or made a demand for payment. Examples: Accidents, **employment disputes**, insurance claims, or rights to sue." *Id.* at p. 13 (emphasis added). Plaintiff also swore under penalty of perjury that there were no "[o]ther amounts someone owe[d]" her that were not already listed in the Petition. *Id.*

On June 11, 2021, the Bankruptcy Court granted Plaintiff's discharge. *See* Discharge of Debtor and Order of Final Decree, No. 21-10419 (MG), Dkt. No. 10, annexed to the Grindlinger Aff. as Exhibit "C."

On February 17, 2023, over eighteen months after being discharged from bankruptcy, and contradicting her sworn statement in the Petition, Plaintiff filed the instant Complaint alleging: (1) "discrimination, racial harassment, and a hostile work environment on based on race," as against Pret a Manger and Lopez, *id.* at ¶ 57; (2) "discrimination, harassment, and a hostile work environment based on gender," as against Pret a Manger and Perez, *id.* at ¶ 64; and (3) aiding and abetting, as against Lopez, in violation of the New York City Human Rights Law ("NYCHRL"). *See id.* at ¶¶ 69-70.

---

[4] When considering a motion to dismiss a complaint, a court may grant the motion if "'the documentary evidence utterly refutes plaintiff's allegations, conclusively establishing a defense as a matter of law.'" *Seaman v. Schulte Roth & Zabel LLP*, 176 A.D.3d 538, 539 (1st Dep't 2019) (quoting *Goshen v. Mutual Life Ins. Co. of N.Y.*, 98 N.Y.2d 314, 326 (2002)). "When documentary evidence is submitted by a defendant the standard morphs from whether the plaintiff has stated a cause of action to whether [she] has one." *Basis Yield Alpha Fund (Master) v. Goldman Sachs Group, Inc.*, 115 A.D.3d 128, 135 (1st Dep't 2014) (quotations and citation omitted). "[I]f the defendant's evidence establishes that the plaintiff has no cause of action (i.e., that a well-pleaded cognizable claim is flatly rejected by the documentary evidence), dismissal would be appropriate." *Id.*

## ARGUMENT

**I.      PLAINTIFF IS JUDICIALLY ESTOPPED FROM PURSUING HER CLAIMS**

      **A.      Statutory Framework**

"The doctrine of judicial estoppel precludes a party from taking a position in one legal proceeding which is contrary to that which it took in a prior proceeding, simply because its interests have changed." *Moran Enterprises, Inc. v. Hurst*, 160 A.D.3d 638, 639 (2d Dep't 2018). "The doctrine rests upon the principle that a litigant should not be permitted to lead a court to find a fact one way and then contend in another judicial proceeding that the same fact should be found otherwise." *H&R Block Bank v. Page*, 199 A.D.3d 780, 783 (2d Dep't 2021) (quotations and citation omitted). "The twin purposes of the doctrine are to protect the integrity of the judicial process and to protect judicial integrity by avoiding the risk of inconsistent results in two proceedings." *Davis v. Citibank, N.A.*, 116 A.D.3d 819, 821 (2d Dep't 2014).

"CPLR § 3211(a)(3) permits the court to dismiss an action where the party bringing the action lacks the legal capacity to sue." *Goldman v. Rio*, 19 Misc.3d 384, 386 (N.Y. Supt. Ct., Nassau Cty. 2008). "A plaintiff who declares bankruptcy lacks capacity to sue on a cause of action if (1) the cause of action accrued prior to the filing of the bankruptcy; (2) the plaintiff knew or should have known the cause of action existed when [s]he filed for bankruptcy; and (3) the plaintiff failed to disclose the existence of the cause of action as an asset in the bankruptcy proceeding." *Id.*; *see also Koch v. National Basketball Ass'n, Inc.*, 245 A.D.2d 230, 230-31 (1st Dep't 1997) ("The doctrine of judicial estoppel…bars a party from pursuing claims not listed in a bankruptcy proceeding that resulted in the party's discharge."). For the doctrine of judicial estoppel to apply, "there must be 'a final determination in the bankruptcy proceeding endorsing the party's inconsistent position concerning his or her assets.'" *Moran*, 160 A.D.3d at 640 (quoting *Koch*, 245 A.D.2d at 231).

  **B. Plaintiff is Judicially Estopped from Pursuing Her Claims Against Defendants Because She Failed to Disclose Them as an Asset in the Bankruptcy Proceeding**

  Even accepting her allegations as true for purposes of the instant Motion, Plaintiff is judicially estopped from pursuing her claims against Defendants because she failed to disclose them as an asset in the Petition. As explained above, under penalty of perjury, Plaintiff stated in the Petition that she did *not* have any "[c]laims against third parties, whether or not [she had] filed a lawsuit or made a demand for payment [including] employment disputes[.]" Ex. "B," at p. 13. Nor did she answer in the affirmative to the question of whether there were any "[o]ther amounts someone owe[d]" her. *Id.* Nor did Plaintiff "amend[] [her] petition to include this litigation as an asset" at any time prior to her June 11, 2021 discharge. *Gray v. City of New York*, 19 Misc. 3d 1117(A), at *5 (N.Y. Sup. Ct., N.Y. Cty. 2008); *see also generally*, Dkt., No. 21-10419 (MG). Based in part on these representations, the Bankruptcy Court made a final determination and discharged Plaintiff from bankruptcy. *See* Ex. "C."

  Given that Plaintiff filed for bankruptcy approximately 13 months after her employment ended, and taking into consideration the nature of her allegations spanning a four year period of time, *i.e.*, that she was directly discriminated against and harassed by both her supervisors and coworkers, she cannot credibly argue that she was not aware of the claims that she brings now at the time she filed the Petition. *See Whelan v. Longo*, 7 N.Y.3d 821, 822 (2006) ("Plaintiff knew or should have known of the facts allegedly giving rise to the legal malpractice at the time she filed her February 2002 bankruptcy petition."). Consequently, Plaintiff is now estopped from bringing the instant claims. *See Moran*, 160 A.D.3d at 640 ("[T]he bankruptcy court expressly relied upon the plaintiff's representation in its asset schedules that it had no assets other than real property. Accordingly, the bankruptcy court accepted and endorsed the plaintiff's characterization of its assets, and the Supreme Court properly determined that judicial estoppel

barred the plaintiff from now maintaining the undisclosed claims."); *Gray*, 19 Misc. 3d 1117(A), at *5 ("The doctrine of judicial estoppel bars a debtor who fails to disclose a claim in bankruptcy proceedings from asserting such claim after emerging from bankruptcy.").

Accordingly, the Complaint should be dismissed with prejudice.

## CONCLUSION

For the reasons set forth above, pursuant to CPLR §§ 3211(a)(1) and (3), Defendants respectfully request that the Court dismiss the Complaint with prejudice. Defendants also respectfully request that the Court grant Defendants their attorneys' fees and costs as well as such other and/or further relief as the Court may deem just and proper.

DATED: New York, New York　　　　**FOX ROTHSCHILD LLP**
　　　　　May 19, 2023

By: /s/ Glenn S. Grindlinger
　　　Glenn S. Grindlinger, Esq.
　　　Timothy A. Gumaer, Esq.
　　　101 Park Avenue, 17th Floor
　　　New York, New York, 10178
　　　(212) 878-7900

　　　*Attorneys for Defendants Pret A Manger (USA) Limited and Katherine Lopez*