LAW OFFICES
# ARENSON, DITTMAR & KARBAN

420 LEXINGTON AVENUE
SUITE 1402
NEW YORK, N.Y. 10170

FACSIMILE
(212) 682-0278

TELEPHONE
(212) 490-3600

October 4, 2023

**VIA FIRST CLASS MAIL**
OCA Counsel's Office
25 Beaver St.
10th Fl
New York, NY 10004

      Re:    *Kenneth P. Silverman, As Trustee v. Pret A Manger (USA) Limited, et al.*
              Index No. 802764/2023E

To Whom It May Concern:

    We represent Plaintiff in the above-captioned action for discrimination under the New York City Human Rights Law. I am writing to you pursuant to the attached Order of the Chief United States Bankruptcy Judge for the Southern District of New York, Martin Glenn, to advise your office that our firm has been retained as Special Counsel to the Chapter 7 Trustee who is the plaintiff in the above-captioned action. I have attached hereto for filing a copy of (i) the retainer agreement as modified per the Order and (ii) the Order itself.

    Thank you for your attention to this matter.

                                    Very truly yours,

                                    Avi Mermelstein

LAW OFFICES
## ARENSON, DITTMAR & KARBAN

1402 LEXINGTON AVENUE
SUITE 1402
NEW YORK, N.Y. 10166

FACSIMILE
(212) 682-0278

TELEPHONE
(212) 490-3600

November 7, 2022

Louasia Watts
843 Hunts Point Ave, #3B
Bronx, NY 10474
louasiawatts@gmail.com

Re: <u>Louasia Watts v. Pret A Manger (USA) Limited, et al</u>

Dear Ms. Watts:

Thank you for the opportunity to represent you in connection with your claims for discrimination and other wrongful conduct against Pret A Manger USA Limited (the "Company") and potentially other entities and individuals. In order to set forth our understanding regarding our representation of you, this Letter of Engagement is being furnished to you in accordance with Part 1215 of the Joint Rules of the Appellate Division of the State of New York.

### SCOPE OF REPRESENTATION

You have asked our firm to represent you in connection with your claims against the Company and potentially other entities and individuals. If the Company shows any interest in resolving the matter through negotiation at any point, we would represent you in the resulting negotiation and, if applicable, in reviewing any settlement agreement. If the matter cannot be resolved pre-suit, we will file a lawsuit against the Company in New York state court and represent you in the ensuing litigation. Any representation of you beyond this stage, such as filing or defending against an appeal would be set forth in a separate or amended letter agreement.

You understand that we represent other clients with similar claims against the Company. We have explained to you the possibility of conflict that is presented by such multiple representation. By signing below, you hereby expressly consent to such multiple representation in the event additional employees or former employees of the Company retain us, despite the possibility of conflict.

You authorize us to consult with and/or associate with other attorneys, who are not associated with the firm of Arenson, Dittmar & Karban, as we deem necessary, in order to provide you with legal services. These may include other attorneys who have specialized knowledge of particular areas of law, or are admitted in other jurisdictions.

Any services you may request of us in connection with any other matter, action or proceeding are not included in the scope of this agreement.

You recognize and acknowledge that every litigation carries its inherent risks, and that our agreement to represent you in this matter is neither a guarantee of success nor an indication of how vigorously the Defendants may defend against the action.

**FEES, EXPENSES AND BILLING PRACTICE**

You may choose to compensate us for the services we have rendered and are to render on either a contingency fee basis, or an hourly rate basis.

<u>Contingency Fee Basis.</u>

If you choose a contingency fee basis, the fees for our legal services will be based on a stated percentage. That amount is forty percent (40%) of any recovery obtained on your behalf, either through judgment, court order, settlement or other means. The recovery obtained on your behalf includes, without limitation, any attorneys' fees obtained or awarded pursuant to fee-shifting statutes, either through judgment, court order, settlement or other means, in addition to the amount recovered for compensatory damages, punitive damages or other types of damages or relief.

<u>Hourly Rate Basis.</u>

If you choose an hourly rate basis, the fees for our legal services will be based on the number of hours worked multiplied by the hourly rates then in effect for the attorneys and/or legal assistants performing the services. We may utilize attorneys and/or legal assistants in a manner which we believe will best serve a client's requirements consistent with providing the proper level of skill and experience at the most reasonable costs. Our schedule of hourly rates for attorneys and legal assistants is based upon years of experience, specialization and level of professional attainment. The current attorney rates are as follows:

Steven Arenson, Partner: $750 per hour
Avi Mermelstein, Associate: $400 per hour
Anna Goldstein: $250 per hour
Legal assistants: $150 per hour.

Hourly rate arrangements are billed on a monthly basis.

<u>Recovery of Attorneys' Fees.</u>

In the event that we are successful in recovering attorneys' fees, either through a judgment, court order, settlement, or other means, such attorneys' fees shall be paid directly to

*AM*

s/  ~~our firm.~~ We shall be entitled to receive as a fee the greater of (a) the attorneys' fees recovered, either through a judgment, court order, settlement, or other means, or (b) the amount of the attorneys' fees contemplated by (i) the contingency fee basis or (ii) the hourly rate basis, depending on whether you originally selected the contingency fee basis or the hourly rate basis as the method for compensating us.

Expenses and Disbursements.

You will be liable for reimbursement of expenses and disbursements.

Consultation with other Professionals.

We may consult with and/or retain other professionals who are not associated with the firm of Arenson, Dittmar & Karban in the course of rendering legal services to you. These professionals may include experts, such as (without limitation) medical professionals, economic experts, and jury consultants. ~~You authorize us to retain such professionals, as we deem necessary in order to provide you with legal services, and you will reimburse us for the costs of these professionals as part of the expenses and disbursements in this action.~~  s/

ARBITRATION

Part 137 of the Rules of the Chief Administrator of the Courts provides that, in the event that a dispute were to arise regarding fees, you may have the right to arbitrate such dispute. A copy of Part 137 of the Rules of the Chief Administrator of the Courts will be provided to you upon request.

If the foregoing is acceptable to you, please sign and return the enclosed copy of this letter.

I thank you for the confidence you have shown in us by retaining Arenson, Dittmar & Karban. We look forward to working with you.

Sincerely yours,

s/ Avi Mermelstein

Avi Mermelstein

**ACCEPTED AND AGREED.**

I choose to compensate you

[ X ] on a contingency fee basis.

[ ___ ] on an hourly rate basis.

3

Signature:   **s/ Louasia Watts**
Louasia Watts

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                                                                    Chapter 7
                                                                                              Case No: 21-10419 (MG)
LOUASIA WATTS,

                                                       Debtor.
------------------------------------------------------------x

### ORDER FOR RETENTION OF ARENSON, DITTMAR & KARBAN AS SPECIAL COUNSEL TO THE TRUSTEE

Upon the application of Kenneth P. Silverman, Esq., the Chapter 7 Trustee (the "Trustee") of the estate of Louasia Watts (the "Debtor "), seeking the entry of an order in accordance with Title 11, United States Code (the "Bankruptcy Code") §327(e) and Federal Rule of Bankruptcy Procedure ("F.R.B.P."), Rule 2014, authorizing the retention of Arenson, Dittmar & Karban ("Arenson"), as special counsel to the Trustee to represent the Trustee and the estate with regard to the Debtor's personal injury action (the "Action"), and upon the annexed affidavit Avi Mermelstein, Esq., and it appearing that the retention of Arenson represents no interest adverse to the Trustee or the estate, in the matters upon which it is to be engaged and is a disinterested person within the meaning of 11 U.S.C. §§ 101(14) and 327(e), and that its employment as special counsel is necessary and would be in the best interest of the estate, and no additional notice being required, it is hereby

**ORDERED**, that the application is granted to the extent provided herein; and it is further

**ORDERED,** that Arenson be, and hereby is, retained as special counsel to the Trustee pursuant to 11 U.S.C. 327(e), and 328 of the Bankruptcy Code, and F.R.B.P. Rule 2014(a), in connection with the Action, and it is further

**ORDERED**, that within thirty (30) days of entry of this order, Arenson shall: comply with Rule 691.20 of Title 22 of the Official Compilation of Codes, Rules and Regulations of the State of New York (22 NYCRR 691.20); and file with the Office of Court Administration of the State

of New York a written statement of this retention with a copy of this order annexed thereto; and serve upon the Trustee and file with this Court a duplicate of any documents filed with the Office of Court Administration of the State of New York related to the Action; and it is further

**ORDERED**, that Arenson shall, within thirty (30) days of the entry of this Order, make a motion returnable in the Court in which the Action is pending to substitute "Kenneth P. Silverman, As Trustee" as the successor in interest to the Debtor as the proper party plaintiff in the caption for the Action; and it is further

**ORDERED,** that Arenson shall supply the Trustee with a written status report concerning the Action on a quarterly basis following the date of this Order, starting December 1, 2023, March 1, 2024, June 1, 2024 and September 1, 2024 and every ninety days after that, and shall report to the Trustee's satisfaction; and it is further

**ORDERED**, that Arenson shall seek compensation and the reimbursement of costs and expenses for the representation of the Debtor pursuant to §§328 and 330 of the Bankruptcy Code and only under a contingency fee arrangement, whereby Arenson will paid by the estate from any net monies recovered by suit, settlement or otherwise, the greater of (a) the attorneys' fees recovered, either through a judgment, court order, settlement, or other means, or (b) a sum equal to forty percent (40%) of the sum recovered, plus the reimbursement of expenses, in accordance with the pre-petition retainer agreement thereof (the "Retainer Agreement"); and it is further

**ORDERED**, that the entire last paragraph, on the first page of the Retainer Agreement that says "You understand that we represent other clients with similar claims against the Company. We have explained to you the possibility of conflict that is presented by such multiple representation. By signing below, you hereby expressly consent to such multiple representation

2

in the event additional employees or former employees of the Company retain us, despite the possibility of conflict." has been intentionally stricken; and it is further

**ORDERED**, that the last paragraph on page two of the Retainer Agreement that says "In the event that we are successful in recovering attorneys' fees, either through a judgment, court order, settlement, or other means, such attorneys' fees shall be paid directly to our firm." has been intentionally stricken; and it is further

**ORDERED**, that the last sentence in paragraph three, on page three of the Retainer Agreement that says "You authorize us to retain such professionals, as we deem necessary in order to provide you with legal services, and you will reimburse us for the costs of these professionals as part of the expenses and disbursements in this action." has been intentionally stricken; and it is further

**ORDERED**, that, notwithstanding any provision to the contrary in the Retainer Agreement, any dispute relating to the services provided by Dittmar & Karban shall be referred to arbitration consistent with the terms of the Retainer Agreement only to the extent that this Court does not have, retain or exercise jurisdiction over the dispute; and it is further

**ORDERED**, that in the event of a difference between the Retainer Agreement, and this Order, the terms of this Order shall control; and it is further

**ORDERED**, that, notwithstanding anything to the contrary in the Retainer Agreement, Arenson shall not withdraw as the Trustee's special counsel without prior approval of the Court in accordance with Local Bankruptcy Rule 2090-1(e); and it is further

**ORDERED**, that any settlement of the Action shall be subject to the Trustee's written consent and subject to approval of this Court upon the Trustee's motion to the Court; and it is further

3

**ORDERED**, that upon settlement or other liquidation of the claims being prosecuted in the Action, the gross proceeds from the settlement or other liquidation shall be turned over to the Trustee upon receipt by Arenson and/or the Debtor for the distribution by the Trustee in accordance with orders of this court and/or the Bankruptcy Code and Local Rules; and it is further

**ORDERED** that the United States Trustee retains all rights to object to Arenson's interim and final fee applications on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code, and the Court retains the right to review the interim and final applications pursuant to section 330 of the Bankruptcy Code; and it is further

**ORDERED**, that notwithstanding anything else contained in this order, Arenson is directed to maintain contemporaneous time records of the services performed for the Estate in a manner consistent with the Bankruptcy Code, Local Rules and the United States Trustee's Guidelines; and it is further

**ORDERED**, that the issuance of the discharge of the Debtor by the Bankruptcy Court shall not divest the Trustee and the Estate of the Debtor of any interest in the Action or the proceeds derived therefrom.

*[Remainder of page intentionally left blank]*

4

**IT IS SO ORDERED.**

Dated: September 5, 2023
      New York, New York

                                               **/s/ Martin Glenn**
                                             MARTIN GLENN
                                    Chief United States Bankruptcy Judge

Dated: New York, New York
      September 5, 2023

**NO OBJECTION:**

s/ Mark Bruh
Office of the United States Trustee

5